SEXTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-084-CR

LLOYD FRANKLIN SEXTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 

------------

Appellant Lloyd Franklin Sexton entered an open plea of guilty to aggravated sexual assault of a child under fourteen years of age.
(footnote: 2)  The trial court conducted a punishment hearing and sentenced Appellant to fifteen years’ confinement.  We affirm.

Procedural Background
 
& Independent Review of the Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant’s counsel presents three potential grounds on appeal:  the trial court abused its discretion in failing to admonish Appellant so as to insure the voluntariness of Appellant’s guilty plea; Appellant was denied effective assistance of counsel; and Appellant’s sentence is excessive.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  We have conducted an independent review of the record and have determined just that.

Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Jurisdictional Defects

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Competency, Sanity, and Voluntariness of Plea

The record contains an undated, unsigned, two-page “Final Report” indicating that an unnamed author interviewed Appellant on an unstated date and determined the following:

In my professional opinion [Appellant] does not have the intellectual or the emotional capacity to understand the wrongful nature of his acts. . . .  He lacks the internalized capacity to evaluate that act on his own. . . .  I believe that he is intellectually incapable of assisting in his defense. . . .  He does not seem to have the capacity to understand the wrongful nature of his acts, only that the discovery of these acts has significantly changed his ability to live.

This “Final Report” appears in the record attached to a “Notice of Expert’s Report” submitted to the court by Appellant’s attorney on July 24, 2002, reciting that the report is from Dr. Shari Julian, the court-appointed psychologist.  The record also contains two subsequent orders appointing two new experts and reports from these two experts, both dated August 30, 2002.  In these two later reports, the experts clearly opine that based upon interviews with Appellant, in the physicians’ professional opinions, Appellant is competent to stand trial and was sane at the time of the offense alleged.

At the plea hearing on December 9, 2002, all these reports were on file with the trial court.  There were no objections to the court considering any of these reports and no one requested a competency hearing.  Therefore, no claim was preserved regarding any potential allegation that the trial court might have erred in finding Appellant to be competent and sane.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
(footnote: 3) 
 
 

Additionally, the written plea admonishments as well as the plea colloquy between the trial court and Appellant at the plea hearing indicate that Appellant’s guilty plea was made freely and voluntarily.
  Further, the written waiver of Appellant, joined by his attorney, states that Appellant is mentally competent and aware of the possible punishment and the consequences of his plea.  At the plea hearing, the only mention of competency or sanity was when the court asked Appellant’s counsel if Appellant is mentally competent, and counsel responded that in his opinion Appellant is mentally competent.  No objection was lodged to any of the evidence presented to the trial court at the plea hearing. 
 Nothing in the record would support a claim that Appellant’s plea was involuntary or that Appellant was incompetent at the time of the plea hearing or insane at the time of the commission of the offense. 

Punishment and Sentencing

After Appellant pled guilty, the trial court deferred a finding of guilt and ordered a presentence investigation report (PSI) pursuant to article 42.12, section 9(a) of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a) (Vernon Supp. 2004-05).  At the punishment hearing, Appellant testified and the court reviewed the PSI.  Appellant did not lodge any objection to the contents of the PSI.  The court found Appellant guilty and assessed his punishment at fifteen years’ confinement.  
  

The sentence assessed by the trial court for the offense is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B), (e) (Vernon Supp. 2004-05), § 12.32 (Vernon 2003).
  The sentence was based on admissible evidence provided by the State and Appellant. 

Effective Assistance of Counsel

Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  
Considering the totality of the representation of Appellant’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.  This court provided Appellant the opportunity to file a pro se brief, but he has not done so.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or that would require reversal of this case, and we overrule Appellant’s three potential points.  We grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH  

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In a joint plea hearing, Appellant also entered a open plea of guilty to  another case of aggravated sexual assault of a child under fourteen years of age.  That case is Cause No. 0833398D and involved a different victim.  
See
 
Sexton v. State
, No. 2-03-083-CR, 2004 WL 393148 (Tex. App.—Fort Worth Mar. 4, 2004, no pet.) (not designated for publication) (affirming Appellant’s conviction). 

3:
See also
 former
 Tex. Code Crim. Proc. Ann.
 art. 46.02, §§ 2(a), 4. Appellant’s plea hearing was on December 9, 2002 and was governed by former article 46.02, which was repealed effective January 1, 2004.  
See
 Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1, art. 46.02, 1977 Tex. Gen. Laws 1458, 1458, 1460-61(§ 4 was amended 1999), 
repealed by 
Act of April 30, 2003, 78th Leg., R.S. ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72 (current version at 
Tex. Code Crim. Proc. Ann.
 ch. 46B (Vernon Supp. 2004-05)).